[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
 1.) Both parties appeared and were represented at trial on December 12, 2000.
 2.) The parties intermarried on July 3, 1993 at West Haven, CT.
 3.) The marriage is broken down irretrievably and there is no hope for reconciliation.
 4.) One of the parties has lived in Connecticut for at least one year next preceding the institution of this action on June 6, 2000.
 5.) There are no minor children issue of this union and no children have been born to the defendant since the date of the marriage.
6.) The court has jurisdiction over the parties.
7.) The court has jurisdiction over the marriage.
 8.) The marriage is dissolved on the grounds of irretrievable breakdown.
Based on all the credible evidence before the court, the following orders are issued:
1.) Neither party shall receive alimony.
 2.) Within forty-five (45) calendar days of the issuance of this decision the husband shall post, in escrow with wife's attorney, Louis M. Pacelli, the sum CT Page 16086 of $15,000.00 to indemnify the wife from any growth, after the date of this decision, on the indebtedness resulting from the mortgage 73-79 Noble Street, West Haven, CT.
This escrow shall be released on the occurrence of any of the following events:
a.) the refinance of the mortgage without the wife's liability;
b.) a release, from the lender, of the wife from the mortgage;
c.) a the sale of the property which results in the payoff of the mortgage;
d.) any payoff of the mortgage; and/or
e.) any release of the wife from liability on the mortgage.
 3.) Upon the satisfaction of any of the conditions in paragraph 2, all right, title and interest in the real property known as 73-79 Noble Street, West Haven, CT. shall vest in the husband and he shall indemnify and hold the wife harmless from any claims arising from the ownership or occupancy of said premises.
 4.) Should the husband not post said escrow in full and in a timely fashion, all right, title and interest in the real property known as 73-79 Noble Street, West Haven, CT. shall vest in the wife and she shall indemnify and hold the husband harmless from any claims arising from the ownership or occupancy of said premises on and after said forty-fifth day.
 5.) Should the husband not post said escrow in full and in a timely fashion, he shall vacate the premises, leaving said premises in normally acceptable broom clean condition, on or before the fiftieth day next succeeding this decision. In that event, wife shall have sole and exclusive possession of said premises.
 6.) Should the husband not post said escrow in full CT Page 16087 and in a timely fashion, he shall pay to the wife any and all sums accrued or added to the mortgage debt from the date of this decision through the fiftieth day next succeeding this decision.
 7.) The wife shall go, in the company of a West Haven police officer, within thirty days to the marital home, at a time to be arranged between counsel for the parties, to retrieve the following items of personalty:
a.) all Christmas ornaments and decorations;
b.) the fixtures for the living room curtains;
c.) all toys of her son's:
 d.) the Seaman's bedroom suite which is transferred to the wife subject to the outstanding debt from which she will hold harmless and indemnify the husband;
e.) the pentium computer and all associated peripheral devices, printer, etc.
f.) the washer and dryer;
g.) the camper;
h.) her son's furniture; and
 i.) such kitchen items, curios and momentos as the parties are able to agree upon after good faith discussion.
 9.) The husband shall immediately execute all documents necessary to transfer title for the 1984 Camaro to the wife.
 10.) Except as otherwise dictated heretofore, each party shall be responsible for the debts reflected on their financial affidavit and indemnify and hold the other party harmless from any claims.
 11.) Unless specifically disposed of heretofore, all items of personalty in a party's possession shall remain his or hers free of any claim from the other.
The Court Daniel E. Brennan, Jr., Judge CT Page 16088